<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BANK OF AMERICA, N.A., <br><br> Plaintiff, <br><br> v. <br><br> CHRYSSOULA ARSENIS, <br><br> Defendant. | Civil Action No. 23-879 (MAS) (DEA) <br><br> **AMENDED OPINION** <br> **FOR CLERICAL PURPOSES**[1] |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court on Plaintiff Bank of America, N.A.'s ("Bank of America") Motion to Remand. (ECF No. 3.)[2] Defendant Chryssoula Arsenis ("Arsenis") opposed (ECF No. 4), and Bank of America replied (ECF No. 5). Arsenis then filed a sur-reply. (ECF No. 6.)[3] The Court has carefully considered the parties' submissions and decides the matter without

---

[1] In the previous Memorandum Opinion filed at ECF No. 7, the Court incorrectly identified the defendant. This Amended Opinion for Clerical Purposes correctly identifies the defendant, but leaves everything else the same.

[2] The Motion to Remand in this case is nearly identical to one filed by Plaintiff's counsel in *Bank of America v. Arsenis*, No. 23-878 (D.N.J. 2023) ("the companion case"), ECF No. 3, a case also pending before this Court. The opposition briefs in this case and the companion case are also nearly identical. *Compare Bank of America v. Arsenis*, No. 23-878 (D.N.J. 2023), ECF No. 6, *with* Def.'s Opp'n Br., ECF No. 4. The Court, accordingly, considers both motions together in this Memorandum Opinion, yet will only specifically refer to the briefing listed in the instant case, No. 23-879. The Court will write separately in No. 23-878 to direct the parties to this Memorandum Opinion.

[3] Although such submissions are restricted by Local Civil Rule 7.1(d)(6), the Court nevertheless considers the arguments raised in Arsenis's supplemental submission due to Arsenis's pro se status. *See* L. Civ. R. 7.1(d)(6); *see also* L. Civ. R. 83.2(b) ("any Rule may be relaxed or dispensed with by the Court if adherence would result in . . . injustice").

oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants Bank of America's Motion.

## I. BACKGROUND

This case stems from Arsenis's past-due credit payments owed to Bank of America. (*See generally* Notice of Removal, ECF No. 1.) In March 2020, Bank of America commenced this action in state court to collect the money Arsenis owed. (*See generally id.*) Accordingly, Bank of America served Arsenis with the Complaint. (*Id.* at *2.)[4] In February 2023, Arsenis filed a notice of removal. (*See generally id.*) Bank of America now moves the Court to remand the action to state court, contending that removal was improper. (*See generally* Pl.'s Moving Br., ECF No. 3.)

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, meaning that for a federal court to hear a case, it must have jurisdiction over the issue, such as diversity or federal question jurisdiction. *In re Morrissey*, 717 F.2d 100, 102 (3d Cir. 1983). The federal removal statute, 28 U.S.C. § 1441, states that unless "otherwise expressly provided by . . . Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A plaintiff can move to remand a case removed to a federal court where the court lacks subject matter jurisdiction or removal was otherwise improper. *Id.* § 1447(c).

The Third Circuit has held that the removal statute "is to be strictly construed against removal" to honor Congressional intent. *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392,

---

[4] Page numbers preceded by an asterisk refer to the page numbers atop the ECF header.

396 (3d Cir. 2004); *see Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985) ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand."). Thus, a district court has the authority to remand a case that was removed to federal court if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction . . . ." 28 U.S.C. § 1447(c). To defeat a motion to remand, a defendant bears the burden of demonstrating the federal court's jurisdiction. *Abels*, 770 F.2d at 29 (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)).

### III.    DISCUSSION

Arsenis alleges that removal was proper because Bank of America "misrepresent[ed] the enforceability of the debt," in violation of federal law. (Notice of Removal *2.) Bank of America contends that the reasons for remand are straightforward: (1) the well-pleaded complaint does not raise a federal question; (2) the Court lacks diversity jurisdiction; (3) Arsenis removed this action well past the thirty-day period under 28 U.S.C. § 1446(b)(1); and (4) Arsenis's removal is barred by collateral estoppel and/or res judicata. (Pl.'s Moving Br. 2-3.) The Court concludes that remand is appropriate.

To begin, the Complaint solely alleges state law claims; thus, the Court may not exercise federal question jurisdiction. Federal courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For removal to be proper on the basis of federal question jurisdiction, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Voltz v. Somerset Cnty. Jail*, No. 20-13695, 2021 WL 1986459, at *2 (D.N.J. May 18, 2021) (quoting *Boncek v. Pa. R. Co.*, 105 F. Supp. 700, 705 (D.N.J. 1952)). Simply put,

it is a bedrock principle that for a case to arise under federal law, the well-pleaded complaint must contain a question arising under federal law. *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

Here, the Complaint raises a breach of contract claim, which is governed by state law and does not invoke federal question jurisdiction. (*See* Compl. ¶¶ 4-5 ("Defendant breached the [customer] [a]greement by failing to make periodic payments . . . ."), ECF No. 3-2); *see also Goepel v. Nat'l Postal Mail Handlers Union*, 36 F.3d 306, 310, 313 (3d Cir. 1994) (finding that breach of contract claims will not raise a federal question). Arsenis does not appear to respond to Bank of America's jurisdictional arguments (*see generally* Def.'s Opp'n Br.), except to note in her sur-reply that the "Federal Trade Commission [("FTC")] authorizes private civil actions against debt collectors who engage in certain prohibited practices" and that the FTC preempts state court jurisdiction. (Def.'s Sur-Reply Br. 4, ECF No. 6.) Essentially, Arsenis contends that Bank of America invaded her financial privacy in violation of the Federal Trade Commission Act and implies that this alleged violation somehow confers jurisdiction. (*Id.*) But these contentions do not raise a federal question within Bank of America's Complaint. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 2 (1983) ("Under the 'well-pleaded complaint' rule, a defendant may not remove such a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law within the meaning of § 1331, and it may not be removed on the basis of a federal defense, including the defense of preemption . . . .") (emphasis in original).

Neither is diversity jurisdiction present. The Complaint seeks the sum of $17,540.26, which fails to meet the amount-in-controversy requirement. (*See generally* Compl.); *see also* 28 U.S.C.

§ 1332(a) (requiring the amount in controversy to exceed $75,000 to establish diversity jurisdiction).[5]

Additionally, Arsenis's removal of this case was untimely. The removal statute requires that a notice of removal be filed within thirty (30) days of the defendant's receipt of the original complaint by service or otherwise. 28 U.S.C. § 1446(b). This time limit is a procedural bar to removal, independent of any jurisdictional question. *See Farina v. Nokia Inc.*, 625 F.3d 97, 114 (3d Cir. 2010) ("It is well settled that § 1446(b)'s thirty-day time limit for removal is a procedural provision, not a jurisdictional one."). Here, the Complaint was filed in November 2020. (*See generally* Compl.) Arsenis was served with the Complaint that same month but waited until February 2023—more than two years later—to remove this matter. (*See* Notice of Removal *2-3.) This timeline far exceeds the thirty-day limit. *Oparaji v. Innovate 1 Servs., Inc.*, No. 18-8668, 2018 WL 4922367, at *1 (D.N.J. Aug. 2, 2018); *see Bissell v. Saga Glob. Cap. Mgmt., LLC*, No. 20-7393, 2020 WL 7210024, at *2 (D.N.J. Aug. 17, 2020) (remanding when defendant filed notice of removal thirty-one days after receipt of offer of judgment). Arsenis does not appear to dispute the timeliness issue. (*See generally* Def.'s Opp'n Br.; Def.'s Sur-Reply Br.) As such, Arsenis's removal was untimely and is subject to remand.[6]

---

[5] In the companion case, Bank of America seeks $6,060.12; thus, no diversity jurisdiction is present there, either. (*See Arsenis*, No. 23-878, Compl., ECF No. 3-2.)

[6] Because the Court finds remand is appropriate on jurisdictional and timeliness grounds, the Court declines to consider Bank of America's remaining arguments.

IV.  **CONCLUSION**

For the foregoing reasons, the Court grants Bank of America's Motion. An appropriate order will follow.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

6